**Guy B. BATES, County Register of Shelby County, Tennessee and Shelby County, Tennessee, Plaintiffs/Appellants,**

v.

**Lamar ALEXANDER, Governor of the State of Tennessee, W.J. Michael Cody, Attorney General of the State of Tennessee and Jack Owens, Sheriff of Shelby County, Tennessee, Defendants/Appellees.**

Supreme Court of Tennessee,
at Jackson.

May 2, 1988.

Britton Lamb, Asst. Shelby County Atty., Memphis, for plaintiffs/appellants.

W.J. Michael Cody, Atty. Gen. and Reporter, Jerry W. Taylor, Asst. Atty. Gen., Nashville, for defendants/appellees.

## OPINION

COOPER, Justice.

This is an appeal from the judgment of the Chancery Court of Shelby County declaring the amendment to T.C.A. § 8–21–1001, set forth in Chapter 479 of the Public Acts of 1985, to be constitutional. The amendment in question increases the fees to be collected by county registers for their services in all counties except the five most populous counties of the state. Plaintiffs insist that the amendment violates Article 1, § 8 and Article 11, § 8 of the Tennessee Constitution and the equal protection clause of the Fourteenth Amendment to the United States Constitution. On reviewing the statute and the record, we find no violation of either the Constitution of the State of Tennessee or the Constitution of the United States and affirm the judgment of the Chancery Court of Shelby County.

The office of county register of deeds is a constitutional office. *See* Tennessee Constitution, Article 7, § 1. Traditionally, the office has been supported by the fees authorized by the legislature for the registration of deeds and other instruments dealing with interests in real property. *See* §§ 8–22–104, 8–22–109. In determining the compensation to be paid the registers of deeds, the legislature classified counties according to population. T.C.A. § 8–24–101. There being no way to ensure the amount of fees an office would generate, the legislature provided for both a maximum and minimum compensation to be paid the register of deeds based on the class in which a county falls by population. *See* T.C.A. §§ 8–24–102, 8–24–104. Where the fees generated by the office are not sufficient to pay the register of deeds the minimum salary authorized by the legislature, the remainder of the minimum salary is paid out of the county general funds. T.C.A. § 8–24–107. On the other hand, fees generated over and above those necessary to pay salaries and other authorized expenses of the office of the register of deeds are paid into the general fund of the county. T.C.A. § 8–22–103.

Plaintiffs insist that the use of a population-based classification to exclude the five urban counties from the fee increases is unconstitutional in that it is arbitrary and without purpose, denies the excluded counties the equal protection of the law, and deprives them of property rights without due process. They also insist that the population-based classification must be subjected to the "strict scrutiny" test in determining if the amendment to the fee statute violates the equal protection guarantees of the state and federal constitutions.

■ In our opinion, the test to be applied in determining the validity of the population-based classification of the 1985 amendment is the less stringent "rational basis" test. In *Harrison v. Schrader*, 569 S.W.2d 822 (Tenn.1978), this court pointed out that "[a] classification will be subject to strict scrutiny only when it impermissibly interferes with the exercise of a fundamental right (*e.g.*, voting, interstate travel) or operates to the peculiar disadvantage of a suspect class (*e.g.*, alienage, race)." None of which is present in this case. Other classifications generally have been subjected to the rational basis test. *See Massachusetts Board of Retirement v. Murgia*, 427 U.S. 307, 96 S.Ct. 2562, 49 L.Ed.2d 520 (1976). Moreover in determining whether a rational basis exists, "[t]he burden of showing that a classification is unreasonable and arbitrary is placed upon the individual challenging the statute; and if any state of facts can reasonably be conceived to justify the classification or if the unreasonableness of the class is fairly debatable, the statute must be upheld." *Harrison v. Schrader*, 569 S.W.2d 822, 826 (Tenn.1978).

■ The parties stipulated certain facts regarding revenues and expenditures of each of the state's 95 county register's offices, the revenues actually received by the Shelby County Register of Deeds, and projected revenues if Shelby County had received the fee increases. We are unable to determine from the stipulations how

many county registers were paid the minimum salary as contrasted with the maximum salary of their office. The stipulations do show, however, that 30% of the register's offices that were granted a fee increase had operated at a loss the previous year. An additional 40% of the offices had excess fees of less than $10,000.00. On the other hand, the excess fees from the register's offices in the five most populous counties of the state—the five excluded from the increase in registration fees—range from a low of $88,000.00 in Sullivan County to a high of $755,000.00 in Shelby County. With the more populous counties operating with a large surplus of fees from the county register's office, and the smaller counties at a deficit or near deficit, it appears to us to be logical for the legislature to raise the registration fees for the less populous counties, where the volume of business, of necessity, is low, while holding the line on fees where a large population already is generating a large excess of revenue.

In the reply brief filed in this Court, appellants argue for the first time that the Act is unconstitutional as "a hidden tax incorporated in a fee," and that the Act increasing the fees is unconstitutional as the increase is effective in only 90 counties. This theory was not pled in the trial court, nor did the parties try the issue. Furthermore, we find nothing in the record that would justify our finding that registration fees are anything other than a fee for a necessary service.

The judgment is affirmed. Costs of the appeal will be paid by the plaintiffs, who are the appellants.

HARBISON, C.J., and FONES, DROWOTA and O'BRIEN, JJ., concur.